IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL A. MARTINEZ<br>Plaintiff, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. B-02-091 |
| | § | |
| OMAR LUCIO, SHERIFF<br>CAMERON COUNTY, TEXAS. ET AL<br>Defendants, | §<br>§<br>§<br>§ | |

United States District Court
Southern District of Texas
FILED

JUN 1 0 2002

Michael N. Milby
Clerk of Court

### DEFENDANT HARRIS COUNTY SHERIFF'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Harris County Sheriff, and files this his Motion to Dismiss in the above styled lawsuit pursuant to Fed. R. Civ. P. 12(b). Defendant would show that Plaintiff's claim is barred by limitations, that Plaintiff has failed to state a claim against this Defendant on which relief might be granted and that Defendant is immune from suit.

### I
### Plaintiff's Allegations

Plaintiff has filed a pro se complaint against the Harris County Sheriff alleging a violation of the Americans with Disability Act of 1990 (ADA). The only allegation against the Harris County Sheriff is found in Paragraph V.B. of Plaintiff's Complaint where he alleges that the Harris County Sheriff harmed him by *"not complying with American with Disability Act o (sic) 1990. Not providing wheelchair to plaintiff, forcing plaintiff to drag himself on floor."* In his Statement of Claim he alleges that he was housed in the Harris County jail in 1999. As best as can be determined from reading Plaintiffs' complaint, the only allegation made against Defendant Harris County Sheriff is that in 1999 while incarcerated in the Harris County Jail, he was not provided a wheelchair. Nowhere in his complaint does he state a disability, why he required a wheelchair, or why he is a qualified individual with a disability under the Americans with Disability Act entitling him to bring this suit. 42 U.S.C. §12132.

## II
## Plaintiff's Claim Is Barred By Limitations

Plaintiff's alleged claim arose supposedly while he was incarcerated in the Harris County Jail in 1999 (see Statement of Claim). Assuming arguendo that Plaintiff has stated a valid ADA claim, it must be dismissed because it is barred by limitations. Although the ADA does not expressly specify a statue of limitations, the ADA is governed by 42 U.S.C. §1988(a) and the courts apply state law which in Texas is the two year statue of limitations for personal injury. *Hickey v. Irving* ISD, 976 F.2d 980 (5th Cir. 1992); see also, *Holmes v. Texas A&M University*, 145 F.3d 681 (5th Cir. 1998). Since Plaintiff did not file his claim until May 7, 2002, his lawsuit was filed more than two years after his alleged cause of action accrued. The applicable statue of limitations bars Plaintiff's claim and Plaintiff's claim should be dismissed.

## III
## Plaintiff Has Failed To State a Claim Against Defendant Harris County Sheriff

Plaintiff has brought this action under the ADA but fails to state any facts to demonstrate that he is a qualified individual with a disability that would enable him to bring an ADA action. His claim is based on the broad and general statement that in 1999, the Harris County Sheriff did not provide him with a wheelchair. The ADA does not require a public entity to provide such a personal device; in fact, personal devices such as wheelchairs are expressly excluded from ADA requirements. The rules and regulations promulgated and implementing the ADA state:

> §35.135     Personal Devices and Services
>
> "This part does not require a public entity to provide to individuals with disabilities personal devices, such as **wheelchairs**; individually prescribed devices, such as prescription eyeglasses or hearing aids; readers for personal use or study; or services of a personal nature including assistance in eating, toileting, or dressing" (emphasis ours). 29 CFR 35, §35.135.

It is clear that even if Plaintiff were a qualified individual with a disability, the failure to provide a wheelchair does not state a valid claim under the ADA and Plaintiff's claim should be dismissed.

## IV

### Defendant Harris County Sheriff Is Immune From Suit

If the Harris County Sheriff is being sued in his individual capacity (which is not clear from Plaintiff's Complaint), then the Harris County Sheriff is not liable under the doctrine of qualified immunity. As a governmental official, the Harris County Sheriff is entitled to qualified immunity. The wrongful act alleged is the failure to provide a wheelchair. This is a discretionary function and government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999). As stated above, Plaintiff has not stated a claim under the ADA. Furthermore, Plaintiff does not allege that the sheriff's individual conduct discriminated against him because of any disability. Plaintiff's claim against the Harris County Sheriff should be dismissed.

WHEREFORE, Defendant prays that Plaintiff's suit be dismissed and that Defendant Harris County Sheriff have such other relief to which he may be entitled.

Respectfully submitted,

OF COUNSEL:

MICHAEL A. STAFFORD
County Attorney
Harris County, Texas

By: _____
JAY S. SISKIND
Assistant County Attorney
State Bar No. 18444600
Adm. Id. No. 1732
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 755-7192
(713) 755-8823 Fax

ATTORNEY-IN-CHARGE FOR
DEFENDANT HARRIS COUNTY SHERIFF

## CERTIFICATE OF SERVICE

I hereby certify that on June  6 , 2002, a true and correct copy of the foregoing instrument was served by certified mail, return receipt requested to Manuel A. Martinez, c/o U.S. District Clerk, 600 E. Harrison St., #101, Brownsville, Texas 78520 and Manuel A. Martinez 88613-080, Federal Medical Center, 3150 Horton Road, Fort Worth, Texas 76119.

By: _____
JAY S. SISKIND
Assistant County Attorney