United States District Court
Southern District of Texas
FILED

JUN 19 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MANUEL A. MARTINEZ | ) |
| VS. | ) |
| | ) CASE NO. B-02-091 |
| OMAR LUCIO, CAMERON COUNTY SHERIFF, et al. | ) |

## MOTION TO DISMISS UNDER RULE 12(b)(5) OF
## CAMERON COUNTY SHERIFF CONRADO CANTU

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant CONRADO CANTU, one of the Defendants in the above-referenced case and files this MOTION TO DISMISS UNDER RULE 12(b)(5) OF CAMERON COUNTY SHERIFF CONRADO CANTU and would show unto the court as follows:

### I. Statement of the Nature and Stage of the Proceedings

Plaintiff Martinez named "Omar Lucio c/o Cameron County Jail" as Defendant on the caption of his complaint, and lists "Omar Lucio, Sheriff c/o Cameron County Jail" as a defendant in the body of his complaint. Omar Lucio has been replaced in the office of Cameron County Sheriff by Conrado Cantu, who files this motion in his official capacity as Sheriff, asking that the case be dismissed under Rule 12(b)(5) as to the Cameron County Sheriff because he has not been served with process.

### II. Grounds for the Motion

Plaintiff alleges that he was denied accommodations of his disability while an inmate at Cameron County jail. Service of process was accomplished on Omar Lucio on May 30, 2002.

Exhibit 1 Conrado Cantu has not been served in any capacity. Exhibit 1. Insufficiency of service of process is ground for dismissal. FED. R. CIV. P. 12(b)(5).

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551
956-428-7495; FAX: 956-428-2954
RHughes@adamsgraham.com

By: _____
ROGER W. HUGHES
State Bar No. 10229500
Federal I.D. No. 5950
SCOTT T. CLARK
State Bar No. 00795896
Federal I.D. No. 21676
JIM DENISON
State Bar No. 05739000
Federal I.D. No. 1583

Attorneys for *Defendant* CONRADO CANTU

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the /8th day of June, 2002.

Mr. Manuel A. Martinez             **CMRRR # 7001 2510 0004 2061 3303**
602 Scotch Street, Apartment 7
Harlingen, TX 78550

Mr. Kevin D. Cullen
CULLEN, CARSNER, ET AL
P.O. Box 2938
Victoria, TX 77902

Mr. Jay S. Siskind
1019 Congress, 15th Floor
Houston, TX 77002

Mr. Keith Orlando Edward Wyatt
Office of U.S. Attorney
P.O. Box 61129
Houston, TX 77208

_____
Scott T. Clark

CAB-02-91 ⑤

AO 440 (Rev. 1/90) Summons in a Civil Action

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | May 30, 2002 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Robert Aguilar | Deputy U.S. Marshal |

United States District Court
Southern District of Texas
FILED
JUN 0 5 2002
Michael N. Milby
Clerk of Court

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: **Mercedes Police Department**

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 14.60 | 45.00 | 59.60 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  May 30, 2002          *Robert Aguilar*
              Date                  Signature of Server

600 E. Harrison Rm. 1032, Brownsville, Tx 78521
Address of Server

The summons was served on Omar Lucio on May 30, 2002 at 9:45 a.m. at the Mercedes Police Department in Mercedes, Texas. The summons was served by one Deputy U.S. Marshal and the roundtrip mileage for this process was 40 miles.

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.