*16*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL A. MARTINEZ | ) |
| | ( |
| VS. | ) |
| | ( CASE NO. B-02-091 |
| OMAR LUCIO, CAMERON COUNTY SHERIFF, et al. | ) |
| | ( |

### DEFENDANT LUCIO'S MOTION TO DISMISS
### UNDER RULE 12(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant OMAR LUCIO, one of the Defendants in the above-referenced case and files this MOTION TO DISMISS UNDER RULE 12(b)(6) BASED ON QUALIFIED IMMUNITY and would show unto the court as follows:

**I. Statement of the Nature and Stage of the Proceedings**

Plaintiff Martinez sued "Omar Lucio c/o Cameron County Jail" alleging that the Cameron County jail failed to provide a wheelchair or accessible shower during his incarceration in the Cameron County jail in July and August, 1998. Defendant moves to dismiss any federal claims in the complaint under Rule 12(b)(6) for claims against him individually, based on limitations and qualified immunity; he also asks the Court to order Plaintiff to reply to his defense of qualified immunity, pursuant to Rule 7(a).

## II. Plaintiff's Complaint

Plaintiff alleges that such failures violated the Americans With Disabilities Act (ADA)[1] and his Eighth Amendment right to be free from cruel and unusual punishment, which he apparently asserts through the vehicle of 42 USC § 1983. He also alleged that "[s]upervisor failed to oversee all holding facilities where plaintiff was being held [and] [a]llowed violations of federal laws while plaintiff was awaiting court violations . . . ."

## III. Standard of Review

Under Rule 12(b)(6) the court must accept the allegations as true and must review them in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, (5th Cir. 1996). However, the complaint must state facts, not conclusions. *Guidry v. Bank of La Place*, 954 F.2d 278, 281 (5th Cir. 1992). Plaintiffs asserting section 1983 claims bear a heightened burden to plead specific facts defeating qualified immunity. *Schultea v. Wood*, 47 F.3d 14230-34 (5th Cir. 1995). The court may order the plaintiff to file a reply that states specific facts that defeat qualified immunity. FED. R. CIV. P. 7(a); *Schultea*, 47 F.3d at 1434.

## IV. Qualified Immunity of Individual Officer

The doctrine of qualified immunity shields a state official from personal liability for civil damages when the official's exercise of discretionary authority results in a violation of an individual's federal constitutional or statutory rights, unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded. *Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999). The bifurcated test for qualified immunity asks whether the plaintiff has alleged a violation of a clearly established

---

[1] Although the complaint does not specify, this claim appears to arise under Title II of the ADA.

right and, if so, whether the defendant's conduct was objectively unreasonable. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). Currently applicable constitutional standards govern the first prong of the analysis. *Id.* at 326. The second prong involves two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law. *Id.* at 326; *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999).

### V. Plaintiffs Rights Under the ADA were not Clearly Established When Accommodations for the Disabled were Being Determined

Until the U.S. Supreme Court's decision in June 1998 in *Pennsylvania Dept. of Corrections v. Yeskey*, 118 S.Ct. 1952 (1998), many courts questioned whether the ADA applied to prisons and jails. Since *Yeskey*, the Fifth Circuit has held that any inmate rights under the ADA were not clearly established prior to the *Yeskey* opinion. *See, e.g., Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999). Plaintiff alleges that he was in the Cameron County jail only during July-August 1998. However, he does not allege when Defendant Lucio acted or what actions Lucio took that injured him. Defendant Lucio would be entitled to qualified immunity for any actions taken or decision made before the *Yeskey* decision (June 15, 1998). He does plead what actions or decisions Defendant Lucio took after that date that caused his injuries.

The ADA entitled disabled persons only to "reasonable" accommodations. *Gonzales v. City of New Braunfels,* 176 F.3d 834, 838-39 (5th Cir. 1999). The burden of proving the reasonableness of a desired accommodation is on the plaintiff. 42 U.S.C. §12111(8). Here, Plaintiff only clearly asserts that the Cameron County jail lacked "accessible handicapped showers." He complains that he was not provided a wheelchair, but seems to claim this was the fault of the U.S. Marshall; alleges he was not provided the wheelchair during December 1998, but he does not allege he was in Cameron County jail at that time. He does not plead facts that, if taken as true, would establish that

providing these accommodations immediately after *Yeskey* could have reasonably been accomplished.

Modifying showers or constructing new ones would be an expensive, disruptive, and time-consuming task. In recent years the large volume of inmates has been a persistent problem at the Cameron County jail, making it even more difficult, and potentially dangerous, for the jail to sacrifice space for remodeling. Plaintiff does not plead facts establishing that all of these obstacles could have been reasonably overcome in the short time between the *Yeskey* opinion and his incarceration in the Cameron County jail.

Plaintiff also complains that a wheelchair should have been provided to him. Assuming he presses this claim against Defendant Lucio, there may be various security concerns involved in introducing an item such as a wheelchair into a jail environment. Furthermore, it is unlikely that there were any funds available in the jails' pre-set annual budget to purchase wheelchairs immediately following *Yeskey*. The U.S. Supreme Court has recently held that the ADA ordinarily does not require private employers to disregard pre-existing seniority practices to accommodate disabled employees; *See U.S. Airways v. Barnett*, 122 S. Ct. 1516, 1525 (2002). Plaintiff in this case would have the Court hold that the ADA does require public entities suddenly subjected to the ADA to immediately disregard pre-existing budgeting practices. Again, plaintiff has the burden of establishing that the lacking accommodations could have reasonably been provided. His complaint falls short of this requirement.

### VI. **Plaintiff's Claims are Barred By Limitations**

Neither Section 1983 nor Title II of the ADA provide a limitations period. For claims under section 1983, the U.S. Supreme Court has indicated that the analogous limitations period for personal injury claims under state law should be used. *Wilson v. Garcia*, 105 S.Ct. 1938, 1947

(1985). In Texas, the limitations period for such actions is two years. TEX. CIV. PRAC. & REM. CODE ANN. 16.003 (Vernon 1997).

Plaintiff states that the events giving rise to his claim occurred in 1998, more than two years before his complaint was filed. Therefore, any claim under section 1983 is barred by limitations.

In determining the proper limitations period for a Title II ADA claim, 42 U.S.C. § 1988(a) indicates that the proper course is to 1) follow federal law if federal law provides a limitations period, 2) apply common law, as modified by state constitution or statute, if no limitations period is provided by federal law, but 3) apply state law only if it is not inconsistent with federal law. *Holmes v. Texas A & M University*, 138 F.3d 168 (5th Cir. 1998). Again, the applicable state law limitations period would be two years. TEX. CIV. PRAC. & REM. CODE ANN. 16.003 (Vernon 1997).

*Holmes* also raises and discuses the issue of whether 28 U.S.C. §1658 applies to provide a four year limitations period for Title II ADA claims.[2] That statute states:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this action may not be commenced later than four years after the cause of action accrues.
> 28 U.S.C. § 1658.

This begs the question whether plaintiff's civil action arises under an Act "enacted after the date of the enactment of this action," which was December 1, 1990. 28 U.S.C. § 1658. The enforcement provisions of Title II of the ADA adopt the remedies, procedures, and rights set forth in 29 U.S.C. § 794a (the Rehabilitation Act of 1973). Because plaintiff's claim is grounded in a statute enacted before December 1, 1990, the four-year period specified in 28 U.S.C. §1658 does not apply. Several other courts, including the Eastern District of Louisiana in the Fifth Circuit, have held that section 1658 does not apply to causes of action arising under statutes that were amended after December 1,

---

[2] Holmes holds that any error in determining the proper limitations period was not "plain error." Holmes 138 F.3d at 173.

1990 but originated prior to December 1, 1990. *See Joseph v. Port of New Orleans*, 2002 WL 342424 (E.D. La. 2002) at *12 (state law limitations period applied to inmate's claim under Title II of ADA); *Lane v. Ogden Entm't, Inc.*, 13 F.Supp.2d 1261, 1268-70 (M.D. Ala. 2002) (section 1658 applies only to entirely new statutes created after December 1, 1990); *Dupre v. Roman Catholic Church of Diocese of Houma-Thibodaux*, 1999 WL 694081 (E.D. La. 1999) at*5 (section 1658 inapplicable to claim under 29 U.S.C. §794, even though statute amended in 1992, 1994, and 1998); *Lane v. Ogden Entertainment, Inc.*, 13 F.Supp.2d 1261 (M.D. Ala. 1998) (section 1658 did not apply to civil rights claim, even though claim depended on provisions amended in Civil Rights Act of 1991, because original statute predated December 1, 1990); *Mason v. Anadarko Petroleum Corp.*, 1998 WL 166562 (D.Kan. 1998) (more persuasive view is that section 1658 applies only prospectively, hence does not apply to claims under laws existing prior to December 1, 1990, even if significantly amended after December 1, 1990); *Jackson v. Motel 6 Multipurposes, Inc.*, 1997 WL 724429 at *1-2 (rejecting argument that section 1658 applied to statute amended after December 1, 1990) *but see MCI Telecomm. Corp. v. Illinois Bell Tel. Co.*, 1998 WL 156674 (N.D. Ill. 1998) (applying section 1658 to statute amended in 1996); *Alexander v. Precision Machining, Inc.*, 990 F.Supp. 1304, 1308 (D. Kan. 1997) (applying section 1658 to statute amended in 1991).

A commonly cited reason for not applying section 1658 to statutes amended after 1990 is a desire to avoid the complexities that would result if some parts of a statute were subject to one limitations period and others parts were subject to a different limitations period. Certainly section 1658 by its own terms cannot apply to a statutory subpart enacted prior to 1990 and left unamended since that time. If a different limitations period applies to other subparts within the same statute that *were* amended after 1990, the result would be an even greater morass than the present state of the law regarding limitations periods.

### VII. <u>Plaintiff Fails to Allege the Elements of a Section 1983 Claim</u>

Claims under section 1983 come in two varieties, "due process" claims alleging deprivation of life, liberty, or property, and "equal protection" claims alleging disparate treatment from others similarly situated. Plaintiff's complaint fails to allege the deprivation of any cognizable life, liberty, or property interest. Plaintiff cannot make an "equal protection" claim because the substance of his complaint is that he was treated exactly the same as other inmates, when he should have been afforded special accommodation for his disability. *See Hall*, 190 F.3d at 696 (inmate failed to state a section 1983 equal protection claim where he alleged that his disability was disregarded and he was treated the same as other inmates).

### VIII. State Law Claims are Barred by Texas Civil Practice and Remedies Code Section 101.106.

Texas Civil Practice and Remedies Code section 101.106 provides that a judgment in an action against a governmental unit bars any suit over the same subject matter against employees of that governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 1997). Section 101.106 is triggered by any judgment, even a judgment in favor of the governmental unit. *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998). The office of Sheriff is a "governmental unit" under the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §101.001(2)(D) (Vernon 1997).

Section 101.106 provides that *any* action against the official is barred, and therefore gives the officer immunity from suit. *Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997). Therefore, when the governmental unit is dismissed, section 101.106 bars any state law claim against the official. *Holland v. City of Houston*, 41 F.Supp.2d 678, 716 (S.D. Tex. 1999); *Beasley v. Clark*, 986 S.W.2d 256, 257 (Tex. App.--Houston [1st Dist.] 1998, no pet.).

At some point, there will be a disposition of the claims against the office of Cameron County Sheriff. Therefore, keeping Lucio in the case is superfluous. He will have to be dismissed, whether or not plaintiff prevails against the Sheriff's Office. *See, e.g., Gonzalez v. El Paso Hosp. Dist.*, 940 S.W.2d 793, 795 (Tex. App.--El Paso 1997, no writ). Because he will have to be dismissed at some point, there is no reason to retain him in the suit.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551
956-428-7495; FAX: 956-428-2954
RHughes@adamsgraham.com

By: _____
ROGER W. HUGHES
State Bar No. 10229500
Federal I.D. No. 5950
SCOTT T. CLARK
State Bar No. 00795896
Federal I.D. No. 21676
JIM DENISON
State Bar No. 05739000
Federal I.D. No. 1583

Attorneys for *Defendant* OMAR LUCIO

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 19th day of June, 2002.

Mr. Manuel A. Martinez
602 Scotch Street, Apartment 7
Harlingen, TX 78550

**CMRRR # 7001 2510 0004 2061 3303**

Mr. Kevin D. Cullen
CULLEN, CARSNER, ET AL
P.O. Box 2938
Victoria, TX 77902

Mr. Jay S. Siskind
1019 Congress, 15th Floor
Houston, TX 77002

Mr. Keith Orlando Edward Wyatt
Office of U.S. Attorney
P.O. Box 61129
Houston, TX 77208

*[signature]*
Scott T. Clark