

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 7 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MANUEL A. MARTINEZ, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | C.A. No. B-02-091 |
| | § | |
| OMAR LUCIO, et al., | § | |
| Defendants | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court if plaintiff's complaint alleging certain violations of the Americans with Disabilities Act (ADA) in which he has named six defendants. Because the complaint is not appropriate under the ADA, it is recommended that the complaint be construed as a 42 U.S.C. § 1983 complaint, alleging Eighth Amendment violations. For the reasons set forth below, it is recommended that plaintiff's complaint be dismissed.

### JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

### BACKGROUND

Plaintiff, proceeding *in forma pauperis*, complains about conditions in the Victoria County Jail, the Cameron County Jail and the Harris County Jail from 1998 through 2000. Plaintiff is currently under house arrest but spent some time incarcerated in these three facilities in the years noted. Plaintiff's factual recitation is brief. He complains that he was injured between the dates of December 3, 1998 and December 16, 1998. It is not clear from plaintiff's pleading at what facility he sustained his injury. Plaintiff complains that this injury was due to the jail staff's failure to provide him with a wheelchair. He says that he was forced to "drag himself on floor as needed to use

bathroom facilities (D.E. 1)." In addition, plaintiff complains that U.S. Marshals transferred him between facilities from July 1998 to August 1998 and did not provide him with a wheelchair. Plaintiff asserts that all of these activities were done in violation of the Americans with Disabilities Act (ADA). Plaintiff seeks monetary relief.

## ANALYSIS

Plaintiff's complaint is vague and thin. It is difficult to discern the specifics of his complaints. Although he complains that he has been a victim of ADA violations, it appears that his complaints more accurately allege Eighth Amendment violations.

### A. The ADA

Plaintiff's complaint alleges that various county jails in Texas are in violation of the ADA. The portion of the ADA that most closely applies to plaintiff's facts is Title II, which says in part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. <u>Pennsylvania Dep't of Corrections v. Yeskey</u> makes clear that the ADA applies to prisons. 524 U.S. 206, 118 S. Ct. 1952 (1998). Thus, a prisoner may bring a claim under the ADA.

The ADA contains no mention of a statute of limitations. 28 U.S.C. § 1658, however, says that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." Section 1658 was enacted December 1, 1990. The question then becomes whether the ADA was enacted after December 1, 1990, thus making § 1658 applicable to ADA claims.

The Fifth Circuit has not fully confronted this issue. In Holmes, the Court said, "[Section] 1658 appears to provide an available limitations period to claims brought pursuant to such provisions (42 U.S.C. §§ 12131, 12132, 12133)." Holmes v. Texas A & M Univ., 145 F.3d 681, 686 (5th Cir. 1998). The Holmes Court, however, did not have to decide whether or not to apply § 1658 to ADA claims. The plaintiff in Holmes had not raised the § 1658 issue before the district court. Id. at 685. The Fifth Circuit, when approached with the question for the first time, merely inquired into whether it was plain error for the district court to apply the state statute of limitations to plaintiff's ADA claim and found that it was not. Id.

Other courts to address the issue of which statute of limitations applies to ADA claims have found that the statute of limitations applying to state personal injury actions is appropriate. See Duprey v. Connecticut Dep't of Motor Vehicles, 191 F.R.D. 329, 341 (D. Conn. 2000); Hedgepeth v. Tennessee, 33 F. Supp. 2d 668, 678 (W.D. Tenn. 1998); and Doukas v. Metropolitan Life Ins. Co., 882 F. Supp. 1197, 1200, n. 4. These courts have addressed the § 1658 issue and found that § 1658 does not apply to ADA claims. Id. One court reasons that while it appears that § 1658 applies to ADA claims, the circuit's precedent establishes that it does not. Duprey, 191 F.R.D. at 341. The other two courts find that while the ADA was not effective until 1992, it was enacted prior to § 1658, thus making § 1658 inapplicable. Hedgepeth, 33 F. Supp. 2d at 678 and Doukas, 882 F. Supp. at 1200, n. 4.

Due to the lack of authority in this circuit on the issue, it is recommended that this court apply 28 U.S.C. § 1658 so that plaintiff's claims are not dismissed as barred by the

statute of limitations. Because plaintiff filed this present suit on May 17, 2002, his claims fall within the proscribed four-year time period.

Nonetheless, plaintiff's claims should be dismissed because they are not cognizable under the ADA. As stated above, the ADA prohibits "discrimination" and "exclusion" based on an individual's disability. Plaintiff does not allege that he was denied the benefit of a particular public service nor does he allege discrimination based on his disability.[1] Plaintiff claims that he was not given a wheelchair and was injured due to the jails' lack of accommodation for his disability. These claims are more appropriately within the scope of an Eighth Amendment violation than an ADA violation. As such, they shall be treated as claims for deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment.

## B. Deliberate Indifference

A prison official is liable for deliberate indifference to health and safety under the Eighth Amendment if the official both knows of and disregards an excessive risk to inmate health and safety. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). This means that the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and the official must actually draw that inference. Id. Plaintiff has not included in his pleading any facts that allege that defendants knew of a risk to his health or safety.

Even if it could be said that defendants were deliberately indifferent to plaintiff's health and safety, this claim has expired under the appropriate statute of limitations. In a § 1983 case, "[i]t is well established that federal courts borrow the forum state's general personal injury limitations period." Ali v. Higgs, 892 F.2d 438, 439 (5th Cir. 1990). In

---

[1] In fact, he does not aver that he is disabled.

Texas, a two-year statute of limitations is applied. Id. Accrual on the claim begins on the date that plaintiff learns of the injury that forms the basis of the action. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). Because plaintiff filed the present suit in May 2002 and the only claims he puts forth with any specificity occurred in 1998, his suit is barred by the statute of limitations (D.E. 1).

### 3. Immunity and Personal Involvement

Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff must set forth facts illustrating each defendant's participation in the alleged wrong. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Without an allegation of personal involvement, defendants cannot be held liable.

Aside from defendant Hernandez and the general statement that "U.S. Marshals" refused to provide plaintiff with a wheelchair in 1998, plaintiff's complaint does not mention any personal involvement by the defendants. Absent from plaintiff's pleading is any mention of personal involvement by defendants Lucio, Ratcliff, the Cameron County Jail Administrator and the Harris County Sheriff. Without such an allegation, claims against them should be dismissed.

The claim that the "U.S. Marshals" refused plaintiff a wheelchair from July 1998 through August 1998 is clearly barred by the two-year statute of limitations. The claim against defendant Hernandez should also be dismissed for it fails to allege with any specificity his wrongdoing. It also fails to say when defendant Hernandez failed to supervise plaintiff adequately. Furthermore, plaintiff fails to assert specifically how he was injured, what his injury was and the extent to which he was injured. In civil rights

cases, pleadings must state more than mere conclusory allegations; pleadings must state specific facts. See Colle v. Brazos Co., Tx., 981 F.2d 237, 243 (5th Cir. 1993). The claim against defendant Hernandez should be dismissed. 42 U.S.C. § 1997e(c)(1).

### 4. Exhaustion

Finally, plaintiff admits that he has failed to exhaust his administrative remedies. Recently, the U.S. Supreme Court has ruled that the Prison Litigation Reform Act (PLRA) requires the exhaustion of a plaintiff's administrative remedies, even where recourse to those remedies would be pointless. Booth v. Churner, 532 U.S. 731, 734, 121 S. Ct. 1819 (2001). Meaning that even where a plaintiff cannot recover monetary damages from the administrative procedure, plaintiff must nonetheless exhaust his remedies. Despite plaintiff's failure to exhaust his administrative remedies, plaintiff's claims should be dismissed pursuant to 42 U.S.C. § 1997e(c)(2).[2]

### RECOMMENDATION

For the reasons set forth above, plaintiff's claims should be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusion and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United

---

[2] 42 U.S.C. § 1997e(c)(2) provides that, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

States Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this ___7th___ day of ___August___, 2002.

_____
Felix Recio
United States Magistrate Judge