IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 5 2002

Michael N. Milby
Clerk of Court

MANUEL A. MARTINEZ
Plaintiff

C.A. No. B-02-091

V.

OMAR LUCIO, et al.
Defendants

**OBJECTION TO MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW, Manuel A. Martinez plaintiff who alleged certain violations of the American with Disabilities Act of 1990 (ADA) and he named six defendants. Magistrate notes complaint is not appropriate under ADA and should be construed as a 42 U.S.C. 1983 complaint, alleging Eighth Amendment violations. Magistrate recommends plaintiff's complaint be dismissed. Plaintiff hereto provides facts that assert liability and violations of ADA under Title II, Amendment Eighth Violations, and violations of the Rehabilitation Act of 1973. Magistrate notes from December 2, 1998 thru December 16, 1998 plaintiff does not provide the name of facility where injury was sustained. Facility was the Victoria County Jail located at 101 North Glass Street in Victoria, Texas. The facility did not provide a wheelchair in plaintiff holding cell nor did the facility provide correct medication for several days. Medical records will affirm all facts. These acts denied plaintiff medical care, denied him use of a wheelchair, and forced him to drag on the floor to get around in the cell. The acts are prohibited by the Eighth Amendment as they clearly affirm abuse, malicious and cruel and unusual punishment. In addition they acts are discriminatory as they denied plaintiff who is disabled medical help and medical equipment and thus in violation of ADA Title II and also in violation of the Rehabilitation Act of 1973.

   In Magistrate analysis he ascerts the Fifth Circuit has not confronted the the issue of statute of limitation and therefore the court apply 28 U.S.C. 1658 which would allow plaintiff to bring this claim within four (4) years. Magistrate also states that plaintiff's claim is not cognizable and should be dismissed as he does not allege "discrimination and exclusion based on individuals disability".

Plaintiff does allege these facts, first the denial of the wheelchair by Victoria County in Victoria, Texas, Cameron County Jail, Brownsville, Texas and denial by Harris County Jail in Houston, Texas. In addition Victoria County denied medication to plaintiff, all these acts affirm discrimination and cruel and unusual punishment which is prohibited by law (amendment eight, ADA section II, and Rehabilitation Act of 1973).

Magistrate notes in reference to deliberate indifference a prison official is liable for deliberate indifference to health and safety under the Eighth Amendment if the official both knows of and disregards an excessive risk to inmate health and safety and that official must be aware of all facts and draw appropriate conclusions. Plaintiff here affirms that Sheriff Lucio was advised in writing by Advocacy Incorporated thru its attorney that problems existed in Cameron County Jail. Advocacy Incorporated is an organization that advocates the rights of the disabled. Thus the Sheriff was aware of of problems but did not act nor make an attempt to rectify. Magistrate also notes a two year limitation from the date the plaintiff learns of the injury. Plaintiff did not review the correspondence from Advocacy until April 2002 and was not aware the issue was in violation of ADA Section II, nor that he had been subjected to various civil rights violations. The court also needs to realize that plaintiff was incarcerated up until Jan. 2002 in Cameron County and facility was not accessible and in violation of ADA and was discriminatory in its operations by not providing plaintiff access to shower area as well as not providing medical help as needed. Medical records will affirms facility delayed treatment of plaintiff for several months thus forcing suffering upon plaintiff.

Magistrates note in reference to Immunity and Personal Involvement in a civil rights cause of action that plaintiff must set forth facts illustrating each defendants participation and alleged wrong, without involvement defendants are not liable. Plaintiff asserts Sheriff Lucio was advised in writing in 1999 but did not act, thus allowing conditions to continue know well that facility need major changes. In regard to Magistrate assertion that personal involvement of Sherriff Lucio, Cameron County Jail Administrator, Sheriff Radcliff of Victoria County, and Sheriff for Harris County. All sheriffs have a responsibility to comply with all state and federal laws. In addition as elected officials they have a responsibility to the public to insure all facilities provide a level of care to all under their custody. The denial of medical care and medical equipment (wheelchairs) is negligent and malicious and affirms lack of supervision in their holding facilities. In regard to the U.S. Marshalls plaintiff notified in writing to U.S. Marshalls office requesting name of all parties who had transferred plaintiff, including all dates, etc. U.S. Marshall's did not respond thus plaintiff could not name each party. The U.S. Marshalls office did not provide the plaintiff a wheelchair during several transfers and even at the old court house in Brownsville, Texas. All these violations are ADA violations, and amendment eight violations. As magistrate notes that plaintiff claims against U.S. Marshall should be dismissed due to two year statute of

limitation, yet their actions are also an ADA Title II violation which plaintiff can pursue. Magistrate also notes that the claims against Defendant Hernandez should be dismissed because it fails to allege with any specificity his wrongdoing. Plaintiff notes the incident in question occurred in July 10, 1999 where plaintiff fell in the shower area because the shower area was not accessible as federal law requires and that the injury was a result of officer watching television and not supervision the plaintiff. The plaintiff was given a chair which was broken and several other individuals had fallen earlier. The injury caused plaintiff to suffer from his back including bleeding in the rectal area, the injury only compounded the plaintiff medical condition. The facility did not help in a timely manner and thus plaintiff was not operated for several months. Thus Officer Hernandez did not supervise nor provide equipment which was usable. The facility did not have access to shower area forcing plaintiff to use an area that was not accessible.

　　Magistrate notes plaintiff did not exhaust administrative remedies. Court needs to confirm that plaintiff was declared mentally incompetent in 1998 and therefore could not make any attempt to rectify. Medical records will confirm these facts. Plaintiff family attempted to contacted Advocacy Inc. which notified the facility, but still the facility did not provide adequate care of plaintiff and was in violation of ADA Title II. In regard to Harris County in Houston, Texas and Victoria County in Victoria, Texas defendant during those transfers was not fully competent to make requests and thus was forced into conditions which were malicious and done without regard to human life. Plaintiff also acknowledges that prisoners can file suits alleging personal liability and need not exhaust the administrative remedy procedure. (McCarthy V. Madigan, U.S., 112 S. Ct. 1081 (1992)) Administrative Remedy procedure for violations of federal law while in custody could possible rectify the problem but would not address the suffering the plaintiff suffered due the facilities not providing appropriate care and allowing accessible areas. Finally the ADA law was passed by Congress in 1990 and twelve years later the law is still not being enforced and facilities still are discriminatory in polices toward the handicapped as the plaintiff has learned.

　　Plaintiff here provides this objection to the Magistrate Report and Recommendation and brings forth more detailed information regarding the complaint. Plaintiff was not advised to amend his complaint and thus provided only general information. Court needs to recognize defendant is not an attorney and tried as best as he could be bring forth issues that need resolution in this respective court. Plaintiff prays this court allow plaintiff to have a jury listen to all facts and ultimately make a decision. Plaintiff prays this court realizes that it has an obligation to insure all facilities comply with all federal laws and provide a level of care that is appropriate to all in custody.

Respectfully Submitted,

*[signature]*

Manuel A. Martinez
602 Scotch St., Apt. 7
Harlingen, Texas 78550